# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| MICHAEL CAMERENO, | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 4:10-CR-45 CDL MSH |
| | | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Camereno was indicted on October 28, 2010, in a two count indictment alleging manufacturing marijuana and maintaining a drug involved premises, in violation of Title 18, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 856(a)(1), respectively. (ECF No. 1). Petitioner ultimately pled guilty to manufacturing marijuana on February 2, 2011. (ECF Nos. 33, 34.) Thereafter, on June 27, 2011, Petitioner was sentenced to a term of imprisonment of 120 months plus five years of supervised release. (ECF No. 50.) Petitioner filed a timely Notice of Appeal on June 28, 2011. (ECF No. 54.) On January 30, 2012, the Eleventh Circuit affirmed Petitioner's sentence. (ECF No. 72.) Petitioner filed his current Motion to Vacate, Set Aside or Modify Sentence pursuant to 18 U.S.C. § 2255 on July 23, 2012. (ECF No. 75.) Petitioner's motion is ripe for review.

## DISCUSSION

A thorough review of Petitioner's § 2255 motion reveals three grounds for relief. Ground One alleges that Petitioner's counsel was ineffective for allowing him to plead

guilty to a crime he did not commit. (Pet. 4, ECF No. 75). In Ground Two, Petitioner alleges that he could not be charged under Title 21, United States Code, Section 841(a)(1) or 841(b)(1), because no drugs were actually sold. (*Id.*) Lastly, Ground Three alleges a Fifth Amendment violation because "the indictment did not contain a *mens rea* to charge on [the] offense." (*Id.*)

I. **Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). However, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter,* --- U.S. ---, 131 S.Ct. 770, 787 (2011) (quoting *Strickland,* 466 U.S. at 688 (1984)).

The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same: the attorney's conduct must be shown to have fallen outside the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel need only provide a client who pleads guilty with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial. *Wofford v. Wainwright,* 748 F. 2d 1505, 1508 (11th Cir. 1984). The second prong of the *Strickland*

test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, Petitioner must show that there is a reasonable probability that, but for counsel's errors, Petitioner would not have pled guilty and would have insisted on going to trial. *Id.*

In Ground One, Petitioner argues that his trial counsel was ineffective for allowing him to plead guilty and be sentenced for a crime he now contends he did not commit. (Pet. 4.) Petitioner argues that he was not manufacturing marijuana as his plea agreement states, but that he was only living in the house where the drugs were being grown. (*Id.*) The record before the Court demonstrates, however, that Petitioner voluntarily, knowingly, and understandably pled guilty to the manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1). (ECF No. 33.) Specifically, at Petitioner's plea hearing, the Court thoroughly questioned Petitioner on his understanding of the charges to which he was pleading guilty, as well as the voluntariness of his plea. (Plea Hr'g Tr.; ECF No. 68.) Then, at his sentencing hearing, Petitioner's counsel, stated that "[Petitioner] was certainly involved in these matters, and he certainly committed the crimes to which he's pled." (Sent. Hr'g Tr. 5, ECF No. 69.) Later in the hearing the following exchange occurred:

| | |
|---|---|
| Judge: | Since there is this issue of citizenship[1], let me just make sure on the record, Mr. Camereno. You can speak and understand English. Is that correct? |
| Defendant: | Yes, Your Honor. |

---

[1] Petitioner does not raise a claim regarding ineffective assistance of counsel regarding any issues dealing with his citizenship or the consequences arising therefrom, but to the extent that it is relevant,

| | |
|---|---|
| Judge: | And have you had any trouble understanding me this morning? |
| Defendant: | No, Your Honor. |
| Judge: | The Court notes there have been no objections or contested issues raised, and the Court accepted the findings of the presentence report. Now that sentence has been imposed, are there any objections to the sentence or the manner in which it was imposed? |
| Judge: | By the Government, Mr. Hyde? |
| Mr. Hyde: | No, Your Honor. |
| Judge: | By the Defendant, Mr. Kirby? |
| Mr. Kirby: | No, sir. |

(*Id.* at 8.)

A review of the record fails to reveal any evidence that Petitioner wanted to rescind the plea agreement and proceed to trial. Furthermore, Petitioner has cited nothing in the record which would support his claim that his counsel was ineffective for allowing him to plead guilty to a crime he now states he did not commit. Thus, Petitioner's claim that his counsel provided ineffective assistance of counsel is wholly without merit.

## II.    Violation of 21 U.S.C. § 841

In Ground Two, Petitioner alleges that he could not be charged under 21 US.C. § 841(a)(1) or 841(b)(1), because no drugs were actually sold. (Pet. 4.) Petitioner specifically contends that because he did not actually grow or sell any marijuana plants, that he should only have been charged with simple possession of drugs. (*Id.*)

Title 21, United States Code, Section 841(a)(1) reads:

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally -
(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

4

Contrary to Petitioner's argument, and pursuant to 21 U.S.C. § 841(a)(1), the Government was not required to prove that Petitioner sold any of the marijuana plants found at the home. The Government was only required to establish that Petitioner possessed the marijuana with the intent to manufacture, distribute or sell it. Petitioner also claims that he did not grow the plants, but was merely living in the house where the plants were being grown, and thus, should not have been charged under 21 U.S.C. § 841(a)(1). (Pet. 4.) As noted above, however, Petitioner knowingly and voluntarily pled guilty to the manufacturing of marijuana. His contention, heretofore never having been raised, that he merely lived in the home is disingenuous at best and provides him no relief at this stage.

Within Ground Two, Petitioner also contends that his trial counsel "knew [Petitioner] was only living at that house and failed to challenge the case." In the event that Petitioner is claiming ineffective assistance of counsel as to this issue, it is found, once again, that Petitioner knowingly and voluntarily pled guilty to the charge of manufacturing marijuana. Any claims that his counsel was somehow ineffective for allowing him to plead guilty to the charge must therefore fail.

### III. Fifth Amendment Violation

In Ground Three, Petitioner contends that "the indictment under Title 21 crimes must carry the proper *mens rea* to charge an offense." (Pet. 4.) Petitioner argues that the indictment in his case did not contain "a *mens rea*" from which to charge him with the manufacturing of marijuana. (*Id.*)

A review of the record in this case reveals that in Count One of the indictment

Petitioner did "unlawfully, knowingly, and intentionally manufacture a Schedule I controlled substance, to wit: more than one thousand (1000) marijuana plants; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b2)(2)(A)(vii)." (Indictment 1, ECF No. 1.) Thus, it is clear that the criminal intent required to commit the crime of manufacturing marijuana was found within the specific language as charged in Petitioner's Indictment. Petitioner's claim is wholly without merit.

IV. **Certificate of Appealability**

Rule 11(a) of Rules Governing Section 2255 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Title 28, United States Code, Section 2253(c) provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from —
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court: or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under ¶ (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under ¶ (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Camereno's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file

written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 8TH day of April, 2013.

**S/ STEPHEN HYLES**
**UNITED STATES MAGISTRATE JUDGE**